INDUSTRIAL COMMISSION OF OHIO *v.* WESTHOEFER.

(Decided October 10, 1934.)

*Mr. John W. Bricker,* attorney general, *Mr. R. R. Zurmehly* and *Mr. Geo. N. Graham,* prosecuting attorney, for plaintiff in error.

*Mr. John F. Cholley,* for defendant in error.

LEMERT, J.   In this action the defendant in error, Leroy Westhoefer, is claiming compensation from the State Insurance Fund on account of injuries which he sustained on September 19, 1931, he claiming to have been at that time an employee of the LaRose Cleaners of Akron, Ohio.   The Industrial Commission denied his claim and he filed his case in the Common Pleas Court of Stark county, the county wherein he was injured, and issues were joined.   The pleadings raise two issues: First, Was Mr. Westhoefer an employee or an independent contractor?   Second, If he was not an independent contractor, was he an employee within the meaning of the Workmen's Compensation Act?

The case was tried, and at the proper time the defendant, the Industrial Commission, moved the court to instruct the jury to return a verdict in its favor.

The plaintiff below also filed a motion for a verdict directed in his favor. The court overruled the plaintiff's motion, and plaintiff then demanded that the case be submitted to the jury. After further consideration of the matter the court submitted the case to the jury upon one question, and only upon one question, and that was whether Mr. Westhoefer contracted with the LaRose Cleaners to do work in one store room or in more than one store room. The court instructed the jury upon the weight of the evidence, and upon how to arrive at a conclusion upon that question, and submitted two forms of verdict, one being in substance that he was employed to fix one store room, and the other being in substance that he was employed to fix more than one.

In thus submitting this question to the jury the court did not submit to the jury for its determination the question whether Westhoefer was an independent contractor; nor did the court submit to the jury for its deliberation the question whether Westhoefer was entitled to participate in the State Insurance Fund. The verdict submitted was really a special verdict, not a general verdict. The jury considered this question and returned a verdict that the plaintiff was employed to fix up more than one store room. The court then discharged the jury, and over the objection of the defendant proceeded himself to render a finding that the plaintiff was entitled to participate in the State Insurance Fund.

The Common Pleas Court having failed to pass upon the motion of plaintiff in error, and then having submitted to the jury just the one question of fact which was in dispute, and not having submitted the other question, did not define the issues of law and did not submit to the jury the question of whether the plaintiff was entitled to participate in the State Insurance Fund.

Section 1465-90, General Code, provides in part as follows:

"And the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund. * * * If the finding of the court or the verdict of the jury is in favor of the claimant's right to participate or to continue to participate in such fund, the court shall certify such finding or verdict to the industrial commission and the commission shall thereupon order compensation to be paid."

As above stated, this case was tried to a jury, but the jury had been dismissed and the question which the law says must be determined by the jury was not presented to it. The verdict which the jury should render in a case like this should be in the nature of a general verdict. While there might not be anything really objectionable to submitting with a general verdict a special verdict tending to test the general verdict, we know of no authority in the Workmen's Compensation Act whereby a special verdict can be rendered by the jury without a general verdict, and the court then proceed to try the rest of the case himself. The court did not instruct the jury at all upon the question whether the plaintiff had a right to participate in the State Insurance Fund, and the court's termination of this case in that manner is without authority in law, and we believe is clearly erroneous.

It, therefore, follows that the case is reversed and the cause remanded to the lower court for further proceedings according to law.

*Judgment reversed and cause remanded.*

SHERICK, P. J., and MONTGOMERY, J., concur.